UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

ANDREW S. LANGSAM and ROBIN L. LANGSAM,   :

                        Plaintiffs,   :

                -against-   :

VALLARTA GARDENS; ARRENDADORA e   :
INMOBILIARA LA PAZ, S. de R.L. de C.V.,   :
FEJO, S.A. de C.V.; P.V.P.F.O.S. de   :
R.L. de C.V.; CARLOS HUMBERTO RIVERA   :
MIRAMONTAES; P.V.P.F.O. LLC; and ALAN   :
J. SUTKER,   :

                  Defendants.   :
------------------------------------------------------------------------x

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:** _____
**DATE FILED:** 7/28/09

**08 Civ. 2222(LAP)**

**OPINION AND ORDER**

LORETTA A. PRESKA, United States District Judge.

Plaintiffs, Robin Langsam and Andrew Langsam, bring this action against Vallarta Gardens;

Arrendadora e Inmobiliara La Paz, S. de R.L. de C.V. ("Arrendadora"); Fejo, S.A. de C.V. ("Fejo");

and Carlos Humberto Rivera Miramontes ("Rivera," and, together with Vallarta Gardens,

Arrendadora and Fejo, "defendants") for breach of contract, conversion and fraud in connection with

plaintiffs' purchase of a home in Mexico.  Defendants moved to dismiss the Complaint for lack of

personal jurisdiction or, in the alternative, under the doctrine of *forum non conveniens*.  In an

Opinion and Order dated June 15, 2009 (the "Opinion"), the Court granted defendants' motion to

dismiss pursuant to the doctrine of *forum non conveniens*. *Langsam v. Vallarta Gardens*, 2009 U.S.

Dist. LEXIS 52597, at *1 (S.D.N.Y. June 15, 2009) ( Conner, J.).  Plaintiffs now move for

reconsideration of the Opinion.  For the reasons stated herein, plaintiffs' motion is denied.

1

## BACKGROUND

The facts of this case are laid out at length in our Opinion, familiarity with which is presumed. We briefly summarize the facts relevant to this motion.

While vacationing in Mexico in December 2006, plaintiffs visited a condominium property known as Vallarta Gardens. *Id*. at *2-3. While on the premises of Vallarta Gardens, plaintiffs met with Gregory John Bloom ("Bloom"), the director of sales at Vallarta Gardens, and inquired about the pricing and availability of homes in Vallarta Gardens. *Id*. at *3. During the December 2006 vacation, plaintiffs negotiated some terms of a purchase of a home and left a check for $40,000 to serve as a partial down payment, if an agreement could be reached. *Id*. at *4.

When plaintiffs returned to their home in New York, they continued to negotiate with Bloom via email and, when they reached an agreement, plaintiffs signed the contract in New York, and Bloom signed the contract in Mexico. *Id*. at *4-5. At the same time that plaintiffs received the fully executed contract, they also received "'Alternative Wiring Instructions,'" directing them to wire transfer the balance of the down payment to a different bank from the bank named in the contract. *Id*. at *6. Plaintiffs then wired the balance of the down payment, $128,000, to the bank named in the Alternative Wiring Instructions and not to the bank listed in the contract. *Id*.

After executing the contract, plaintiffs made several trips to Vallarta Gardens to view the premises and to oversee the implementation of the "'suggestions and changes'" that they had requested regarding construction of the house. *Id*. at *6-7. In September 2007, at the request of Bloom, plaintiffs wire transferred 20% of the purchase price to the bank listed in the Alternative Wiring Instructions and, in October 2007, again at the request of Bloom, plaintiffs wire transferred another 20% of the purchase price to the bank listed in the Alternative Wiring Instructions. *Id*. at

2

*7-8. Plaintiffs wire transferred a total of $269,000 to that bank. *Id.* at *9.

In the late fall of 2007, Rivera, the owner and manager of Vallarta Gardens, called plaintiffs and advised them that Bloom was not a legal representative for Vallarta Gardens, that there was no contract for plaintiffs' purchase of a home in Vallarta Gardens and that he had not received any of the funds that plaintiffs had wire transferred. *Id.* at *8. Defendants have refused to deliver the home to plaintiffs and suggest that plaintiffs pursue recovery of their funds directly from Bloom. *Id.* at *9.

## DISCUSSION

### I.      Legal Standard for Reconsideration

A motion for reconsideration or re-argument may be granted only if the court has overlooked "'controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court.'" *Greenwald v. Orb Commc'ns & Mktg., Inc.*, 2003 WL 660844, at *1 (S.D.N.Y. Feb. 27, 2003) (quoting *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000) (alteration in original)); *see also* S.D.N.Y. LOCAL CIV. R. 6.3. Controlling decisions include decisions from the United States Court of Appeals for the Second Circuit; they do not include decisions from other circuits or district courts, even courts in the Southern District of New York. *See Ades v. Deloitte & Touche*, 843 F. Supp. 888, 892 (S.D.N.Y. 1994). Local Rule 6.3 should "be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Dellefave v. Access Temporaries, Inc.*, 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001). Where the movant fails to show that any controlling authority or facts have actually been overlooked, and merely offers substantially the same arguments he offered on the

3

original motion or attempts to advance new facts, the motion for reconsideration must be denied. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *Brown v. Barnhart*, 2005 WL 1423241, at *1 (S.D.N.Y. June 16, 2005) ("Accordingly, the moving party may not advance new facts, issues or arguments not previously presented to the Court.") (internal quotation marks and citation omitted). "Whether to grant or deny a motion for reconsideration or reargument is in the sound discretion of a district court judge." *Greenwald*, 2003 WL 660844, at *1 (internal quotation marks and citation omitted).

## II.   Discussion

As neither plaintiffs' motion papers nor reply papers provide a single citation to any legal authority, controlling or otherwise, plaintiffs have failed to meet their burden to show that reconsideration is warranted based on the Court's failure to consider a controlling decision. Therefore, we turn now to whether the Court has overlooked a factual matter before it on the underlying motion.

Plaintiffs characterize the factual matters relied upon in their motion as "new facts" or as "those seemingly not considered" by the Court. (Pls. Mem. Supp. Recons. at 1.) The "new facts," which include plaintiffs' willingness to "waive their right to specific performance" of the contract and to "agree to condition the dismissal [of the case] on a transfer to Texas" (*id.* at 3-4), were not presented on the underlying motion, though the underlying facts were available to plaintiffs at that time and plaintiffs could have made these arguments in that motion. Therefore, reconsideration is not warranted based on these newly-presented matters. *See Kahn v. N.Y.U. Med. Ctr.*, 2008 WL 190765, at *1 (S.D.N.Y. Jan. 15, 2008) ("[A] motion to reconsider is not an opportunity to put forward additional arguments that the movant could have made, but neglected to make before

4

judgment.").

Plaintiffs also set forth several factual matters that they claim were "seemingly not considered" by the Court. (Pls. Mem. Supp. Recons. at 1.) Plaintiffs argue that reconsideration is warranted because of the "fact that Defendant-Rivera owns property and resides in Texas for much of the year . . . [the fact that] [p]laintiffs never desire to set foot back in Mexico" and the fact that "[w]here the house was, where [p]laintiffs vacationed before, seems irrelevant to the balance of the inconveniences on the parties, now." (*Id*. at 2.) The Court considered the location of the house in the choice of law analysis of plaintiffs' claims. *See Langsam*, 2009 U.S. Dist. LEXIS 52597, at \*29. Plaintiffs have failed to explain how, in that context, consideration of "[w]here the house was" (pls. Mem. Supp. Recons. at 2) was improper. Further, neither plaintiffs' expressed desire not to return to Mexico nor Rivera's ownership of property in Texas is a proper basis for reconsideration because neither is a fact overlooked in the underlying Opinion that, if it had been considered, would have changed the outcome.

Plaintiffs next argue that the need to retain counsel and participate in proceedings that are carried out in Spanish is a fact that the Court "seemingly overlooked" in the Opinion. (*Id*. at 2.) The Court did not, however, overlook either of these issues, as it discussed both and agreed that the cost of document translation favored retention of the case. *See Langsam*, 2009 U.S. Dist. LEXIS 52597, at \*31-32, 35-36.

Plaintiffs also suggest that there "seems to be some confusion" regarding the facts surrounding the allegedly improper incarceration of Bloom in Mexico at the behest of Rivera. (Pls. Mem. Supp. Recons. at 3.) The Court considered plaintiffs' allegation that Bloom may have been improperly incarcerated as it related to plaintiffs' argument that the justice system in Mexico is

corrupt. *Langsam*, 2009 U.S. Dist. LEXIS 52597, at \*22. In spite of this allegation, the Court declined to declare the incompetence of Mexico's judicial system. *Id*. at \*23. Plaintiffs now argue that Rivera "actually and improperly bribed a Mexican set of administrators of justice to incarcerate Mr. Bloom, on behalf of another couple" and that this "led to an appeal by Mr. Bloom to the Mexican Federal Courts and to his release without any obligation to repay the other couple." (Pls. Mem. Supp. Recons. at 3.) Plaintiffs have not presented any fact that the Court overlooked in its Opinion that, had it been considered, would have led the Court to declare the incompetence of the Mexican justice system. We also note that the fact that Bloom was able to seek review of his incarceration by an appellate court in Mexico and to secure his release by that court seemingly supports, rather than erodes, confidence in that country's justice system.

Plaintiffs next argue that the Court misconstrued the relevance of the location of potential witnesses. (*Id*. at 4-5.) In our Opinion, we noted that although many witnesses are located in the United States, plaintiffs had failed to point to a single witness located within the Court's 100-mile radius of subpoena power and, therefore, the "Availability of Compulsory Process For Unwilling Witnesses" was a factor that the Court found to be neutral. *Langsam*, 2009 U.S. Dist. LEXIS 52597, at \*32-34. Plaintiffs now argue that because these witnesses are willing to testify in New York, but unwilling to testify in Mexico, the "balance of inconvenience tips towards New York." (Pls. Mem. Supp. Recons. at 4-5.) Plaintiffs again fail to direct the Court to any case law that supports their argument. Further, assuming that the willingness of witnesses to testify in New York but not in Mexico was a factor favoring retention of the case, this would not change the outcome of the Opinion because, as the Court noted, the mandatory forum selection clause requires that the breach of contract claim be brought in Mexico and, "even if the balance weighed slightly in favor of

6

retaining the fraud, wire fraud and conversion causes of action . . . the prospect of litigating this dispute in two different forums weighs against retention of those causes of action that are not controlled by the forum selection clause." *Langsam*, 2009 U.S. Dist. LEXIS 52597, at *37.

Plaintiffs also contend that "Rivera is clever, manipulates words and is an apparent master of deceit" and that, by forcing plaintiffs to litigate in Mexico, the Court has allowed "him to skate free and behind his abilities to twist and turn facts to his advantage, without the spotlight of effective cross-examination." (Pls. Mem. Supp. Recons. at 4.)  It is unclear what factual matter plaintiffs allege the Court to have overlooked.  To the extent that plaintiffs argue that the Court failed to consider Rivera's mastery of deceit, we decline to grant reconsideration because such consideration would not have reasonably changed the outcome of the Opinion.  Neither a defendant's cleverness nor his deceitfulness are factors in a *forum non-conveniens* analysis.  As the Court determined that Mexico provides an adequate alternative forum for this dispute, the question of Rivera's veracity can be considered at trial in Mexico.

Finally, plaintiffs argue that, if the Court upholds its Order dismissing the case, such dismissal should be conditioned on: (1) defendants' acknowledgment of the validity of the contract; (pls. Mem. Supp. Recons. at 2); (2) defendants' agreement to pay the cost of translation of all relevant documents (*id.* at 4); (3) defendants' repayment to plaintiffs of the $40,000 partial down payment (*id.* at 5); and (4) defendants' acknowledgment of "Bloom's capacity and authority to bind Rivera and his entities to the contract" (pls. Reply Mem. Supp. Recons. at 2.).  Plaintiffs have failed, however, to provide any legal support for the argument that so conditioning a dismissal is proper and, likewise, have failed to show that the Court overlooked any factual matter in its exclusion of such conditions upon dismissal.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for reconsideration (Doc. #16) is denied.

SO ORDERED.

Dated: New York, New York
       July 28, 2009

Loretta A. Preska
United States District Judge